IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-705-D

JUUL LABS, INC., )
)
    Plaintiff, )
)
v. ) **ORDER**
)
SMOKE & VAPE 1 LLC, )
)
    Defendant. )

    This matter is before the clerk on the plaintiff's motion for entry of default [DE-9]. The motion is DENIED without prejudice.

    Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff correctly states that defendant has not filed an answer or otherwise appeared in this action in this court. Plaintiff has not, however, shown by affidavit or otherwise that defendant was properly served with the summons and complaint as required by Rule 4 of the Federal Rules of Civil Procedure. Without being properly served, a defendant has no obligation to file an answer or appear in this action. See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."), Henderson v. Los Angeles Cnty., No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must show, by affidavit or otherwise, that proper

service of process has been effected before default may be entered"); see also Fed. R. Civ. P. 12(a)(1)(A).

Proper service may be effected on a corporation or other unincorporated association under Rule 4(h) by delivering a copy of the summons and of the complaint, to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or service is made. Fed. R. Civ. P. 4(h)(1). Under North Carolina law, corporations may be served in various ways, all of which require service on either an officer, director, or managing agent of the corporation, or service on an agent authorized by appointment or law to accept service of process. See N.C. Gen. Stat § 1A-1, Rule 4(j)(6).[1] Accordingly, under either the federal or state rules, service must be made upon

---

[1] Rule 4(j)(6) provides:

> (j) Process -- Manner of service to exercise personal jurisdiction. -- In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process within or without the State shall be as follows:
> . . .
>
> (6) Domestic or Foreign Corporation. – Upon a domestic or foreign corporation by one of the following:
>  a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. Gen. Stat. § 1A-1.

an officer, director, or managing agent, or other agent authorized by appointment or by law to receive service of process.

Here, plaintiff filed affidavits of service showing that an unnamed clerk was personally served on behalf of defendant [DE-8-1]. Given that the clerk was not identified, there is no indication that the clerk is an officer, director, managing agent, or other agent authorized by law to received service of process on behalf of defendant. Under these circumstances, the clerk cannot find that plaintiff has met its burden in showing that defendant has been properly served, and the motion for entry of default must be denied. See Norkuna v. NC Hotel Associates Ltd., 851 F. Supp. 2d 958, 960 (M.D.N.C. 2011) (denying plaintiff's motion for lack of proof of service where plaintiff failed to show that an individual served was a general manager or other agent of a corporate defendant); Henderson, 2013 WL 11430764 at * 4 (explaining that "to properly serve a corporation, partnership, or other association, service also must be directed to an appropriate officer, partner, agent, et cetera" and "[t]herefore service simply directed to 'Clinton & Clinton' was not proper under North Carolina law").

Accordingly, the motion for entry of default [DE-9] is DENIED without prejudice.

SO ORDERED. This the 19 day of April, 2021.

Peter A. Moore, Jr.
Clerk of Court